**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Gutierrez, | No. CV-13-00585-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Seth McLaws et al., | |
| Defendants. | |

The United States has moved to quash a subpoena issued to the Department of Homeland Security ("DHS") on December 10, 2013. Doc. 28. The Court will grant the motion.

The United States argues that Plaintiff has "failed to follow DHS regulations governing the production of documents." Doc. 28 at 3. The Court agrees. The regulations clearly state that in cases where DHS has not entered an appearance or given notice of representation, "only the Office of the General Counsel is authorized to receive and accept subpoenas[.]" 6 C.F.R. § 5.43. The Office of the General Counsel must receive a writing setting forth "with as much specificity as possible, the nature and relevance of the information sought." *Id.* at § 5.45. Further, DHS employees are prohibited from producing documents "unless authorized to do so by the Office of the General Counsel[.]" *Id.* at § 5.44(b).

The subpoena in question was issued to "Office of the Chief Counsel, U.S. Customs and Border Protection." Doc. 30. There is no evidence that Plaintiff served the subpoena on DHS's Office of the General Counsel or provided that office a writing

setting forth with specificity the nature and relevance of the information sought. Because Plaintiff has failed to comply with the appropriate regulations, the Court will grant the motion to quash. *See United States v. Henson*, 123 F.3d 1226, 1237 (9th Cir. 1997) (upholding the district court's decision to quash a subpoena where the plaintiff failed to follow an agency's procedures for obtaining records).

**IT IS ORDERED** that the United States' motion to quash (Doc. 28) is **granted**.

Dated this 16th day of January, 2014.

_____
David G. Campbell
United States District Judge